IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | § |
| | § |
| | § CASE NO. 6:21-CR-00065-JCB-JDL-1 |
| v. | § |
| | § |
| | § |
| JONATHAN TERRILL BARKINS | § |
| | § |

**REPORT AND RECOMMENDATION OF**
**UNITED STATES MAGISTRATE JUDGE**

On January 14, 2026, the court conducted a hearing to consider the government's petition to revoke the supervised release of Defendant Jonathan Terrill Barkins. The government was represented by James Noble, Assistant United States Attorney for the Eastern District of Texas, and Defendant was represented by Jonathan Hyatt, Federal Public Defender.

Defendant originally pled guilty to the offense of Use, Carrying, and Possession of a Firearm During and in Furtherance of a Drug Trafficking Crime, a Class A felony. This offense carried a statutory maximum imprisonment term of life. The guideline imprisonment range, based on a total offense level of nonapplicable and a criminal history category of VI, was 60 months. On March 29, 2022, U.S. District Judge J. Campbell Barker of the Eastern District of Texas sentenced Defendant to 60 months imprisonment, followed by a three-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse treatment and testing, and participation in an anger management program. On November 15, 2025, Defendant completed his period of imprisonment and began service of the

supervision term in the Eastern District of Texas, Tyler Division. On December 4, 2025, the conditions of Defendant's supervision were modified to include mental health treatment.

Under the terms of supervised release, Defendant was prohibited from any unlawful use of a controlled substance. In Allegation 1 of its petition, the government alleges that Defendant violated his conditions of supervised release on or about November 21, 2025 when Defendant tested positive for the use of cocaine and admitted to use, on or about December 15, 2025 when Defendant tested positive for the use of cocaine and methamphetamines, on or about December 23, 2025 when Defendant tested positive for the use of methamphetamines, and on or about January 6, 2026 when Defendant tested positive for the use of methamphetamines. The government represents that Fifth Circuit case law permits a court to find that illicit drug use constitutes possession for the offense.

If the court finds by a preponderance of the evidence that Defendant violated the conditions of supervised release by possessing methamphetamines, as evidenced by Defendant's admission and positive drug tests, Defendant will be in violation of Texas Health and Safety Code § 481.115 and will have committed a Grade B violation. U.S.S.G. § 7B1.1(a). Upon a finding of a Grade B violation, the court shall revoke supervised release. U.S.S.G. § 7B1.3(a)(1). Considering Defendant's criminal history category of VI, the guideline imprisonment range for a Grade B violation is 21 to 27 months. U.S.S.G. § 7B1.4(a).

At the hearing, the parties indicated that they had come to an agreement to resolve the petition whereby Defendant would plead true to the Grade B violation of the condition prohibiting Defendant from unlawfully using controlled substances asserted as Allegation 1 in the government's petition. In exchange, the government recommended to the court that Defendant be imprisoned for a term of 21 months with a two-year term of supervised release to follow.

The court therefore **RECOMMENDS** that Defendant's plea of true to Allegation 1 be accepted, and that he be imprisoned for 21 months with a two-year period of supervised release to follow. The court further **RECOMMENDS** that Defendant serve his sentence at USP Canaan, PA, if available. The parties waived their right to objections so this matter shall be immediately presented to the District Judge for consideration.

**So ORDERED and SIGNED this 14th day of January, 2026.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE